1   Nathan Miller, SBN 240278
    Mary Castro-Ayala, SBN 242267
2   **MILLER & AYALA, LLP**
    191 W. Shaw Avenue, Suite 102
3   Fresno, California 93704
    Telephone: (559) 222-6622
4   Facsimile:  (559) 222-6626

5   Attorneys for Plaintiffs:

6

7

8                      **UNITED STATES DISTRICT COURT**

9                      **EASTERN DISTRICT OF CALIFORNIA**

10                                    \*\*\*

11
     CULINARY STUDIOS, INC.; BOR-LA, INC. )   **CASE NO.**
12   PRESS BOX, INC.; BAUMEISTER, INC.; )
     MISS  KITTY'S  LOUNGE;  GGC )            **CLASS ACTION COMPLAINT:**
13   ENTERPRISES,  INC.,  STOCKLE,  INC.; )
     EVERK  HOSPITALITY  GROUP,  INC.; )     **1. VIOLATION OF FOURTEENTH
14   JUGOEATS, INC.; ROSA LINDA'S FINE )      AMENDMENT  OF  THE  UNITED
     MEXICAN CUISINE,                   )     STATES  CONSTITUTION  -
15                                       )     PROCEDURAL DUE PROCESS
                    Plaintiffs,          )
16                                       )    **2.   VIOLATION OF FOURTEENTH
                                         )    AMENDMENT  OF  THE  UNITED
17          v.                           )    STATES  CONSTITUTION  -
                                         )    SUBSTANTIVE DUE PROCESS
18   GOVERNOR   GAVIN   NEWSOM,   THE )
     STATE OF CALIFORNIA; THE CITY OF )       **3.    VIOLATION OF FOURTEENTH
19   FRESNO,  MAYOR  LEE  BRAND,  THE )       AMENDMENT  OF  THE  UNITED
     COUNTY OF FRESNO, THE COUNTY OF )        STATES CONSTITUTION - EQUAL
20   FRESNO   DEPARTMENT   OF   PUBLIC )      PROTECTION
     HEALTH; CALIFORNIA DEPARTMENT OF )
21   ALCOHOLIC   BEVERAGE   CONTROL; )        **4.    REQUEST FOR PRELIMINARY
     ATTORNEY GENERAL OF THE STATE OF )       INJUNCTION
22   CALIFORNIA and Does 1 through 250,  )
                                         )    **5.    VIOLATION OF THE TAKINGS
23                                       )    CLAUSE OF THE FIFTH AMENDMENT
                                         )
24                  Defendants.          )
                                         )    **DEMAND FOR JURY TRIAL**
25   _____ )

26

27   ///

28   ///
     ///

                              **COMPLAINT**
                                   1

1    Plaintiffs, by and through their attorneys, Miller & Ayala, LLP, in support of this class action

2  allege as follows:

3    This civil rights action challenges the executive "shutdown" orders issued by Defendants

4  Governor Newsom and Mayor Lee Brand and enforced by them, and by Defendant Attorney General

5  of the State of California and the numerous extensions and continued enforcement of the executive

6  orders issued by Defendants Governor Newsom and Mayor Brand, which continue to be enforced

7  by them, and by Defendant Attorney General of the State of California, now 180 days after Governor

8  Newsom declared a state of emergency.

9    This action seeks declaratory and injunctive relief for deprivations sustained and continued

10 to be sustained by Plaintiffs, on behalf of themself and all others similarly situated, and for violations

11 committed by Defendants, acting under the color of state law, against Plaintiffs' rights, and the rights

12 of all others similarly situated, as guaranteed by the Fifth and Fourteenth Amendments of the United

13 States Constitution, and for violations of California Constitution Article 1 Section 7.

14    This is also an action for just compensation required by the Fifth Amendment to the

15 Constitution. The Fifth Amendment to the Constitution requires that the government pay for property

16 it takes: "Rights of Persons…nor shall private property be taken for public use, without just

17 compensation." U.S. Constitution, 5th Amendment.

18

19                              **INTRODUCTION**

20    1.    In the wake of the novel coronavirus, the State of California hastily instituted a series

21 of state and county-wide orders (the "Orders") to stem the spread of COVID-19. As well-intentioned

22 as these Orders are with respect to the general public's health, safety and welfare, they have come

23 at a steep price with respect to the complete and utter restraint on Californians' civil rights and

24 liberties. This mass action challenges the constitutionality of Defendants' Orders to curb Plaintiffs'

25 civil rights and liberties by ordering draconian "shelter-in-place" orders and effectively shuttering

26 so-called "Non-Essential" businesses all across the State of California.

27    2.    The Governor's initial Executive Order was premised on the perceived need to "flatten

28 the curve" so as to avoid overwhelming the State's hospitals and healthcare centers, not to eradicate

1   the virus. Although the curve has been flattened for over three months now, the Governor has

2   nonetheless issued stricter and confusing executive orders that unreasonably and unnecessarily

3   interfere with Plaintiff's, and those similarly situated, constitutional rights.

4       3.      Governor Newsom's executive orders are unprecedented. For the first time in our

5   State's history-indeed, in our nation's history-the State government is mass quarantining healthy

6   people instead of the sick. As a free people, we have the unalienable right to pursue happiness, which

7   includes the freedom to make our own choices about our safety and welfare without unconstitutional

8   interference. In the face of the coronavirus, it means the freedom to choose whether to stay at home,

9   or to keep calm and carry on with the things that make life worth living.

10      4.      Plaintiffs are restaurants located in Fresno, County. Plaintiffs provide an unparalleled

11  atmosphere and serve only the freshest cuisine.  Plaintiffs  can no longer afford to remain open

12  without indoor dining, as we are now in September, the seventh month of the shutdown. Plaintiffs

13  are losing all of their customers and are suffering irreparable harm as a result. There is absolutely

14  NO SCIENCE  that will prove that "indoor dining" is safer three hours away from Fresno in

15  Huntington Beach or a multitude of other places in California.

16      5.      Plaintiff, and all others similarly situated, are affected by the Governor's and Mayor's

17  orders. Under threat of criminal penalties, they have been forced to close "indoor dining," depriving

18  them of their liberty and property interests without due process.

19      6.      Although California, like all States in the Union, is expressly guaranteed a republican

20  form of government under Article IV, Section 4 of the U.S. Constitution, the Governor and Mayor

21  have unilaterally suspended civil liberties and announced that this state of affairs will continue even

22  over the Legislature's objection.

23      7.      Ours is a constitutional republic that empowers government to act within defined

24  limits. Those limits apply at all times and under all circumstances. In war, in peace, and in

25  pandemics. "No doctrine, involving more pernicious consequences, was ever invented by the wit of

26  man than that any of its provisions can be suspended during any of the great exigencies of

27  government. Such a doctrine leads directly to anarchy or despotism." *(Ex parte Milligan, 71 U.S. (4*

28  *Wall.) 2, 120-122 (1866)).*

8.      If allowed to stand, Defendants' Orders will not only continue to violate Plaintiffs' rights under both the California and U.S. Constitutions, but will continue to inflict massive and widespread economic damage to Plaintiffs-all while unconstitutionally placing the burden of Defendants' respective Orders on the backs of both small and large "Non-Essential" businesses-such as those of Plaintiffs-who have already been financially crippled, forced to shut their doors for business and to conduct mass layoffs. Indeed, some of these Plaintiffs' "Non-Essential" businesses might never financially recover as a result of Defendants' Orders and may end up entirely out of business. The stakes for immediate relief from this Court for Plaintiffs could not be higher.

## JURISDICTION, VENUE, AND RELIEF

9.      This action arises under 42 U.S.C. § 1983 in relation to Defendants' deprivation of Plaintiffs' constitutional rights to due process and equal protection rights under the Fifth and Fourteenth Amendments to the U.S. Constitution. Accordingly, this Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343. This Court has authority to award the requested declaratory relief under 28 U.S.C. § 2201; the requested injunctive relief and damages under 28 U.S.C. § 1343(a); and attorneys' fees and costs under 42 U.S.C. § 1988.

10.      The Eastern District of California is the appropriate venue for this action pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because it is the District in which Defendants either maintain offices or do substantial official government work in, exercise their authority in their official capacities, and will continue to enforce the Orders; and it is the District in which substantially all of the events giving rise to the claims occurred.

11.      Plaintiff, and all others similarly situated, seek a judicial declaration that the executive orders keeping people in their homes and away from their businesses-and all other orders, rules, and enforcement activity related to them-are unconstitutional under the DueProcess Clause, the Equal Protection Clause, and State law. Such a declaration, and a corresponding injunction, will yield a more rational, pragmatic response to the virus that saves lives, saves livelihoods, and preserves constitutional norms all at the same time. Plaintiffs, and all others situated, are also making a

Takings Claim for just compensation required by the Fifth Amendment to the Constitution. The Fifth Amendment to the Constitution requires that the government pay for property it takes: "Rights of Persons nor shall private property be taken for public use, without just compensation." U.S. Constitution, 5th Amendment.

12.     In short, Plaintiffs, and all others similarly situated, bring this lawsuit to define the limits of a State's and the City's police power. Whatever its limits, this legal term of art is not some principle that unlocks absolute executive power and casts our Constitution to the wind. The issues raised in this Complaint are novel, and they will not be rendered moot if the executive order is lifted before the Court issues judgment. The issues presented are capable of repetition and are of such importance that they cannot evade judicial review.

**PARTIES**

13.     Plaintiffs, are all California Corporations or persons operating restaurants with their principal places of business within Fresno County.  Because of Governor Newsom's executive orders, Plaintiffs, and all others similarly situated, have been forced to shut down their "indoor dining" since approximately March, 2020, through the date of the filing of this Complaint.

14.     Defendant Gavin Newsom is the Governor of the State of California and signed the Executive Orders at issue in this action which order that restaurants or bars shall cease serving patrons food or beverage in doors and until further notice shall only serve food or beverage outdoors. The State Constitution requires that the Governor ensure that the laws of the state are "faithfully executed." Governor Newsom is sued herein in his official capacity.

15.     Defendant the Office of the Attorney General of the State of California, is the head of the California Law and prosecutes and defends all actions in which the state has an interest, and have charge and control of all the legal business of the departments and bureaus of the state, or of any office thereof which requires the services of attorney or counsel to protect the interest of the State.

16.     Defendant, California Department of Alcoholic Beverage Control, regulates and enforces the use, sale and enforcement of licenses to sell alcohol.

17.     Defendant Lee Brand is the Mayor of the City of Fresno. Defendant Brand's offices

1   are located at City Hall, Fresno, California. Defendant Brand is being sued in his official capacity.

2          18.     The City and County of Fresno are public entities within the City and County of

3   Fresno and are sued in those capacities.  The County of Fresno Department of Public Health is a

4   department of Fresno County.

5

6                                    **STATEMENT OF FACTS**

7

8          19.     The global COVID-19 pandemic brought on by the Wuhan Coronavirus has caused

9   catastrophic and unprecedented economic damage across the globe, and with it, significant loss of

10  life and fundamental changes to both world and national economies, and in specific, the manner in

11  which businesses are permitted to run, if at all. To be sure, State and U.S. officials have faced

12  tremendous adversity in planning, coordinating, and at times, executing effective nationwide and

13  statewide policies to protect the general public's health, safety and welfare during this time of crisis.

14  However, these policies, as well-intentioned as they may be, have had an unlawful and disparate

15  effect on some people and their businesses over other people and their businesses to the point where

16  life, liberty and the pursuit of happiness has been ripped away from law-abiding citizens and

17  businesses.

18         20.     On or about March 13, 2020, President Donald J. Trump proclaimed a National

19  State of Emergency as a result of the threat of the emergence of COVID-19.1

20         21.     Since the initial outbreak of COVID-19 in the United States in February and March

21  2020, the federal government's projections of the anticipated national death toll related to the

22  virus have decreased substantially, by an order of magnitude. Despite such revisions, Defendants

23  have increasingly restricted-where not outright banned- Plaintiffs' engagement in

24  constitutionally-protected activities.

25         22.     In this case, and with respect to the State of California, Defendant Newsom

26  issued a "State of Emergency" order on March 4, 2020 in response to the threat of the spread of

27  COVID-19 throughout California's communities. In so doing, Defendant Newsom subsequently

28  issued Executive Order N-33-20 on March 19, 2020 ("Executive Order"), which, among other things,

1   mandated that "all individuals living in the State of California" were to "stay home or at their place

2   of residence except as needed to maintain continuity of operations of the federal critical

3   infrastructure sectors at outlined at:

4   https://www.cisa.gov/identifying-critical-infrastructure-during-covid-19."

5       23.    Defendant Newsom's Executive Order went on to acknowledge that the federal

6   government had "identified 16 critical infrastructure sectors3 whose assets, systems, and networks,

7   whether physical or virtual, are considered so vital to the United States that their incapacitation or

8   destruction would have a debilitating effect on security, economic security, public health or safety,

9   or any combination thereof" such that Defendant Newsom ordered that "Californians working in

10   these 16 critical infrastructure sectors continue their work because of the importance of these sectors

11   to Californians' health and well-being."

12       24.    Further, Defendant Newsom declared that "this Order is being issued to protect the

13   public health of Californians" and that "our goal is simple, we want to bend the curve, and disrupt

14   the spread of the virus." Thereafter, Defendant Newsom directed the Office of Emergency Services

15   to "take all necessary steps to ensure compliance with this Order" and that the "Order shall be

16   enforceable pursuant to California law, including, but not limited to, Government Code section

17   86654."

18       25.    As a result of the issuance of Defendant Newsom's Order, California businesses, such

19   as those of Plaintiffs, which were not part of the 16 "critical infrastructure sectors" described above,

20   and therefore, were deemed "Non-Essential" businesses, were effectively ordered, under penalty of

21   fine and imprisonment, to shut down. Target, Walmart and Home Depot were allowed to remain

22   open for on premises shopping as "Essential" businesses. Plaintiffs', and all others similarly situated,

23   health protocols are sufficiently similar to those businesses that were allowed to remain open.

24       26.    Defendant Governor Newsom's executive orders and the executive orders that

25   followed do not provide a pre- or post- deprivation remedy to question "essential" or to determine

26   if Plaintiffs can open with the same health related protocols as the "essential" businesses allowed to

27   open. There has never been any health inspection of the Plaintiffs', and all others similarly situated,

28   restaurants and bars, no analysis of the health status of restaurants and bars as essential and no

1  analysis of Plaintiff's, and all others similarly situated, health related protocols to see if they meet

2  the same health standards as allowed for essential businesses.

3      27.    There was a list of businesses that were allowed to remain open for on-premises

4  purchasing and that the classification was not reasonable or rational and was arbitrary and random

5  without any data, and therefore a denial of due process.  The Governor cannot selectively enforce

6  his executive orders. There is either a public health emergency or there's not. It cannot be both.

7      28.    In a recent United States Senate Health, Education, Labor & Pensions Committee

8  Hearing, Senator Rand Paul, a doctor said the following, "It is a fatal conceit to believe that any one

9  person or small group of people have the knowledge necessary to direct an economy, or dictate,

10  public health behavior." "Government health experts need to show caution in their prognostications.

11  It is important to realize that if society meekly submits to an expert and that expert is wrong, a great

12  deal of harm may occur."

13      29.    Taken together, Defendants' Orders have caused widespread and catastrophic damage

14  to the California economy through the government-mandated closure of not only Plaintiffs' business,

15  but millions of other "Non-Essential" businesses across California. As a result, Plaintiffs have faced

16  numerous difficulties with respect to their financial obligations, have been forced to lay off

17  significant numbers of their employees, and face a very real and a very existential threat to their

18  collective survival and business operations.

19      30.    Plaintiffs, and all others similarly situated, have all conformed their restaurants and

20  bars to the Food Service Guidelines for Employers and Employee issued under the California and

21  CDC guidelines.

22      31.    Plaintiff, and all others similarly situated, have been affected terribly by the

23  Governor's executive orders. Under threat of criminal penalties, Plaintiff, and all others similarly

24  situated, have been forced to close their "indoor dining," depriving the Plaintiff, and all others

25  similarly situated, of their liberty and property interests without due process. At the same time,

26  without offering any legal justification, the Governor has allowed, and is still allowing, other

27  restaurants throughout the state to remain open for indoor dining, even though: (a) those restaurants

28  must also adhere to guidance from the U.S. Centers for Disease Control and Prevention ("CDC") on

---

**COMPLAINT**
**8**

"social distancing"; and (b) Plaintiffs, and all others similarly situated, are fully capable of adhering to those same guide-lines if allowed to open indoor dining.

32.    At the present time, Plaintiff, and all others similarly situated, have lost over Two Hundred Million dollars ($200,000,000.00) in revenue and have had to lay off at least 5,000 employees throughout Fresno.

33.    While "Essential" businesses continue to operate, and indeed, turn a profit (if not historical profits) during this time of crisis, Plaintiffs' "Non-Essential" businesses have suffered immeasurably at the hands of government overreach and unconstitutionally restrictive orders passed and enforced by Defendants which have had immense disparate impact across every segment or sector of business in California.

34.    Accordingly, Plaintiffs complain against Defendants, and each of them, for violation of the Federal Civil Rights Act, 42 U.S.C. Section 1983 ("FCRA"), to declare and enjoin the enforcement Defendants Executive Orders effecting the operation of Plaintiffs' businesses.

35.    Plaintiffs have standing to bring Section 1983 claims since they are aggrieved in fact businesses that are the subject of enforcement of the overbroad and unconstitutional Executive, Orders which have the effect of forcing Plaintiffs-which are a collection of California businesses-to bear a public burden by entirely eviscerating Plaintiffs' ability to operate their respective businesses.

36.    Defendants' Orders are in violation of 42 U.S.C. Section 1983, as is the enforcement of these Orders by Defendants, which should be enjoined under Section 1983, due to the following circumstances:

a.    The Orders plainly violate the Due Process and Equal Protection Clauses of the 5th and 14th Amendments in that they unconstitutionally and disparately apply one set of rules to businesses arbitrarily deemed "Essential" versus all  other businesses (such as Plaintiffs') that are deemed "Non-Essential", which must close pursuant to the Orders. Plaintiffs aver that ALL businesses in the State of California are "Essential" to the health, welfare and well-being of its citizens, and that the general health outcome sought through the passage of these Orders (i.e. lowering the curve of the Wuhan Coronavirus) could be accomplished through less restrictive means.

b.    The Orders effectively amount to an impermissible "partial" or "complete" taking in

1  violation of the Takings Clause of the Fifth Amendment of the U.S.Constitution in that the

2  prohibition of Plaintiffs' operation of their "Non-Essential" businesses constitutes a regulatory taking

3  of private property, for public purpose, without providing just compensation therefor. Furthermore,

4  the Orders violates the Takings Clause of the Fifth Amendment in that the complete prohibition on

5  the business operations of "Non-Essential" businesses constitutes an irrational, arbitrary, and

6  capricious law bearing no rational basis to any valid government interest. The notion that the

7  government-ordered  shutdown of "Non-Essential" businesses (such as Plaintiffs') is absolutely

8  necessary in curbing the spread of the Wuhan Coronavirus constitutes an unconstitutional

9  infringement on Plaintiffs' civil rights and liberties to operate in a free-market economy. As national

10  and statewide data has recently suggested, the economic impact of the mandatory, unconstitutional

11  closures of "Non-Essential" businesses has had an unnecessarily devastating and unprecedented

12  crippling effect on local and state economies. ALL businesses are 'essential' and necessary to the

13  maintenance of the health, welfare and prosperity of California's citizens.

14        c.        The Orders further violate the substantive and procedural due process clauses

15  of the Fifth and Fourteenth Amendments to the U.S. Constitution.

16        37.      The Orders further violate Article 1 Sections 1, 7 and 19 of the California

17  Constitution.

18        38.      Defendants' Orders are not "narrowly tailored" to further any compelling

19  governmental interest. Defendants have granted numerous special exemptions to their bans on public

20  gatherings and conduct, including for purportedly "Essential" businesses and activities, provided that

21  social distancing practices are observed. Since these gatherings may be permitted, there can be no

22  doubt that Defendants may, and therefore must, permit Plaintiffs to engage in equivalent business

23  activities provided that Plaintiffs also adhere to the social distancing guidelines currently in place.

24        39.      Unless and until injunctive relief is granted, Plaintiffs will continue to suffer

25  irreparable harm for which they are left without an adequate remedy at law, in that they are subject

26  to criminal cases (i.e. misdemeanor citations and fines) based on the enforcement of the Orders by

27  the County Sheriffs. For example, Defendant Newsom has made it a point to "prosecute" and "fine"

28  all non-conforming "Non-Essential" businesses that refuse to close their doors and shut down their

1   lawful business operations during this pandemic.

2

3                          **CLASS ACTION ALLEGATIONS**

4

5          40.   This action meets all the requirements of a class action under C.P.L.R. § 901.

6          41.   The putative Class consists of all Restaurants and Bars in California, who have been

7   shutdown for "indoor dining" by Defendant Governor Newsom's executive orders. The putative

8   Class continues to be shut down for indoor dining on September 18, 2020, with no opening date in

9   sight.

10         42.   Excluded from the Class are Defendants.

11         43.   While Plaintiff does not know the exact number of the members of the Class, Plaintiff

12  believes there are several hundred members.

13         44.   The legal constitutionality or unconstitutionality of the enforcement of the executive

14  shutdown orders and in the continued enforcement of the executive shutdown order constitute

15  questions common to the Class, and predominates over any question affecting only individual

16  members.

17         45.   The claim for a declaration of unconstitutionality and the claim for a Taking by the

18  Plaintiff, as the Class representative, are typical of the claims of the members of the Class. Plaintiff

19  and all members of the Class are similarly affected by Defendant's unconstitutional executive

20  shutdown orders and their enforcement thereof.

21         46.   Plaintiff, as a class representative, will fairly and adequately protect the interests of

22  the Class. Plaintiff's claims arise out of the same common course of conduct giving rise to the claims

23  of other members of the Class. Plaintiff's interests are coincident with, and not antagonistic to, those

24  of the other members of the Class. Plaintiff is represented by counsel who are competent and

25  experienced in the prosecution of Equal Protection, Due Process, California Constitution and

26  Takings claims.

27         47.   A class action is superior to any other method for the resolution of this dispute, in

28  that, among other things, such treatment will permit a large number of similarly situated persons to

---

                                    **COMPLAINT**
                                         11

1  prosecute their common claims in a single forum simultaneously, efficiently, and without the

2  unnecessary duplication of evidence, effort, and expense that numerous individual actions would

3  engender. The benefits of proceeding through the class mechanism, including providing injured

4  restaurant and bar owners with a method of obtaining redress for claims that might not be practicable

5  to pursue individually, substantially outweigh any difficulties that may arise in the management of

6  this class action.

7       48.    The prosecution of separate actions by individual members of the Class would create

8  a risk of inconsistent and varying adjudications, establishing incompatible standards of conduct for

9  Defendants.

## COUNT I - PROCEDURAL DUE PROCESS

12      49.    Plaintiff incorporates paragraphs 1-48 as if fully set forth herein.

13      50.    "Every person who, under color of any statute, ordinance, regulation, custom, or

14  usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other

15  person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities

16  secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in

17  equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

18      51.    The Due Process Clause of the Fourteenth Amendment to the U.S. Constitution

19  provides that no State can "deprive any person of life, liberty, or property, without due process of

20  law." U.S. Const. amend. XIV,§ 1, cl. 3.

21      52.    The procedural component of the Due Process Clause prohibits government from

22  depriving Plaintiff and members of the putative Class of liberty and property interests without

23  providing any process before or after the deprivations occurred.

24      53.    To establish a procedural due process claim under 42 U.S.C. § 1983, Plaintiff and

25  Class member must show that (1) they had a life, liberty, or property interest protected by the Due

26  Process Clause; (2) they were deprived of this protected interest; and (3) the state did not afford them

27  adequate procedural rights. *See Daily Servs., LLC v. Valentino, 756 F.3d 893, 904 (6th Circ. 2014).*

28      54.    Plaintiff and the putative Class members have a protected liberty interest in the right

to live without arbitrary governmental interference with their liberty and property interests. County of Sacramento v. Lewis, 523 U.S. 833, 845 (1988).

55.     Liberty "denotes not merely freedom from bodily restraint but also the right of the individual to contract, to engage in any of the common occupations of life, to acquire useful knowledge, to marry, establish a home and bring up children, to worship God according to the dictates of his own conscience, and generally to enjoy those privileges long recognized ... as essential to the orderly pursuit of happiness by free men." *Board of Regents of State Colleges v. Roth, 408 U.S. 564, 572 (1972)* (emphases added).

56.     Plaintiffs and members of the putative Class have protected liberty and property interests, which Defendants infringed through the Executive shutdown Orders:

a.     members have been, and are being, denied the right to intrastate travel and the right to engage in commerce, to-wit: operating indoor dining in their restaurants and bars.

b.     Plaintiffs and members of the putative Class have been, and are being, denied the right to intrastate travel and the right to engage in commerce, to-wit: operating indoor dining in their restaurants and bars.

57.     Governor Newsom did not provide any procedural due process before issuing the executive shutdown Orders. Nor do the shutdown Orders provide any mechanism for post-deprivation review.

58.     Governor Newsom acted under color of State law in an official capacity and within the scope of his official duties when issuing the executive shutdown Orders.

59.     As a direct and proximate cause of the failure to provide any pre- or post- deprivation process, Plaintiff and members of the putative class suffered prejudice under threat of criminal and civil sanctions.

60.     These orders and rules acknowledge that restaurants outside of the Fresno region can operate with indoor dining and other like businesses can safely open and operate by adhering to "social distancing" rules.

61.     Plaintiff and members of the putative class can operate in full compliance with all of these rules.

1    62.    By failing to provide any pre- or post-deprivation review of the orders and rules

2    shuttering their businesses, Plaintiff and members of the putative Class are suffering substantial

3    losses of liberty and property:

4        a.    Plaintiff and members of the putative class have lost significant revenue over the

5    several months since the executive shutdown Orders went into effect.

6    63.    The prejudice that Plaintiffs and members of the putative Class have suffered would

7    not have occurred but for Defendants' deprivations of their liberty and property interests.

8    64.    Plaintiff and members of the putative Class seek a declaration that the executive

9    shutdown Orders violate the procedural component of the Due Process Clause, and an injunction

10   against further infringements of their rights under this Clause as described in the Prayer for Relief.

11

12                        **COUNT II. - SUBSTANTIVE DUE PROCESS**

13

14   65.    Plaintiff incorporates paragraphs 1-64 as if fully set forth herein.

15   66.    "Every person who, under color of any statute, ordinance, regulation, custom, or

16   usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other

17   person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities

18   secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in

19   equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

20   67.    The Due Process Clause of the Fourteenth Amendment to the U.S. Constitution

21   provides that no State can "deprive any person of life, liberty, or property, without due process of

22   law." U.S. Const. amend. XIV, § 1, cl. 3.

23   68.    The substantive component of the Due Process Clause prohibits government from

24   taking action that "shocks the conscience" or "interferes with rights implicit in the concept of ordered

25   liberty." United States v. Salerno, 481 U.S. 739, 746 (1987) (cleaned up).

26   69.    Plaintiff and members of the putative Class have a protected liberty interest in the

27   right to live without arbitrary governmental interference with its liberty and property interests.

28   County of Sacramento v. Lewis, 523 U.S. 833, 845 (1988).

70.    Liberty "denotes not merely freedom from bodily restraint but also the right of the individual to contract, to engage in any of the common occupations of life, to acquire useful knowledge, to marry, establish a home and bring up children, to worship God according to the dictates of his own conscience, and generally to enjoy those privileges

long recognized ... as essential to the orderly pursuit of happiness by free men." Board of Regents of State Colleges v. Roth, 408 U.S. 564,572 (1972) (emphases added).

71.    The Executive Shutdown Orders shock the conscience and interfere with Plaintiff's and members of the putative Class's deeply-rooted liberty and property rights, including the right to work, right to contract, and right to engage in commerce, for all of the reasons described in the General Allegations and in each of the Counts of this Complaint, which are incorporated into this Paragraph by reference.

72.    Plaintiff and members of the putative Class could and can conduct business in full compliance with all of the rules imposed on restaurants and bars allowed to operate indoor dining under the executive shutdown Orders, or reasonably equivalent and equally safe measures tailored to the unique nature of the indoor operations. Thus, the shutdown Orders are not narrowly tailored to achieve a compelling governmental interest.

73.    Nor is there any rational basis any longer since the virus is under control to deprive Plaintiff and members of the putative Class of their liberty and property interests in performing services for willing customers when they can do so safely and in the same (or reasonably safe equivalent) manner as other businesses allowed to operate (such as manufacturing, other restaurants and bars throughout the state, tanning salons, tattoo parlors and retail).

74.    In the alternative, the Executive shutdown Orders are not reasonably related to a legitimate governmental interest.

75.    Governor Newsom acted under color of State law in an official capacity and within the scope of their official duties when issuing the shutdown Orders.

76.    Plaintiff and members of the putative Class seek a declaration that the Executive shutdown Orders violate the substantive component of the Due Process Clause, and an injunction against further infringements of its rights under this Clause as described in the Prayer for Relief.

## COUNT III- EQUAL PROTECTION

77.     Plaintiff incorporates paragraphs 1-76 as if fully set forth herein.

78.     "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

79.     The Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution provides that no State can "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1, cl. 4.

80.     The Executive shutdown Orders deprive Plaintiff and members of the putative Class of the equal protection of the law because they allow all restaurants and bars to operate indoor dining throughout the State but do not allow Plaintiff's and and members of the putative Class's restaurants and bars, even though they are similarly situated.  Defendants engage in these actions without any evidence, scientific or otherwise, demonstrating that indoor dining in Plaintiffs' restaurants somehow increases a persons chances of contracting COVID.

81.     Under Governor Newsom's executive orders, Plaintiff's restaurant must remain closed for indoor dining while restaurants just hours away can open for indoor dining. This designation is completely arbitrary, random and ridiculous, considering that Plaintiff can maintain equivalent strict social distancing but is not allowed to re-open indoor dining and in fact can be criminalized for doing so.

82.     Plaintiff and members of the putative Class could and can conduct business in full compliance with all of the rules imposed on restaurants, bars and other businesses allowed to operate under the Executive shutdown Orders, or reasonably equivalent and equally safe measures tailored to the unique nature of the indoor dining. Thus, the Executive shutdown Orders are not narrowly tailored to achieve a compelling governmental interest.

83.     In the alternative, the Executive shutdown Orders are not reasonably related to a

1    legitimate governmental interest.

2        84.    Governor Newsom acted under color of State law in an official capacity and within

3    the scope of his official duties when issuing the shutdown Orders.

4        85.    Plaintiff and members of the putative Class seek a declaration that the Executive

5    shutdown Orders violate the Equal Protection Clause, and an injunction against further infringements

6    of their rights under this Clause as described in the Prayer for Relief.

7

8                **COUNT IV- EQUAL PROTECTION UNDER STATE LAW**

9

10       86.    Plaintiff incorporates paragraphs 1-85 as if fully set forth herein.

11       87.    Article 1 Sec. 7(a) of the California Constitution states that "A person may not be

12   deprived of life, liberty, or property without due process of law or denied equal protection of the

13   laws."

14       88.    By classifying businesses into essential v. Non-essential, the State is treating like

15   businesses differently. In addition, by allowing restaurants and bars to open based on where they are

16   located is treating like businesses unequally.

17       89.    Defendants' orders did not provide as pre- or post- deprivation remedy to question

18   "essential" or to question whether or not restaurants and bars can operate safely indoors in Fresno

19   City. There has never been a health inspection of the indoor premises of the restaurants and bars in

20   Fresno City, and no analysis of Plaintiff's and members of the putative Class's health related

21   protocols to see if they meet the same health standards as allowed for essential businesses.

22       90.    The unequal, random, arbitrary and unfair treatment has continued in the re- opening

23   guidance. Gyms, Casinos, Bowling Alleys, Tattoo parlors, tanning salons, health spas and dentists

24   are allowed to open their doors, but indoor dining in Fresno City remains locked down.

25       91.    As a result of the unequal treatment of like businesses, the executive lock down

26   orders violate Article 1, Section 7 of the California Constitution.

27   ///

28   ///

---

**COMPLAINT**
17

**PRELIMINARY  INJUNCTION**

92.     Plaintiff incorporates paragraphs 1-91 as if set forth herein.

93.     All of the acts of Defendants, their officers, agents, employees, and servants were executed and are continuing to be executed by Defendants under the color and pretense of the executive orders.

94.     Plaintiff and members of the putative Class are suffering irreparable harm from the conduct of Defendants. An estimated one thousand Fresno restaurants have already been shut down for good. Plaintiffs and members of the putative Class have lost thousands of customers who are now enjoying indoor dining restaurants just hours away.

95.     Plaintiff and members of the putative Class have no adequate remedy at law to correct or redress the deprivation of its rights by Defendants.

96.     Unless the enforcement of the executive orders is enjoined, Plaintiff and members of the putative Class will continue to suffer grave irreparable harm.

**VIOLATION OF THE TAKINGS CLAUSE OF THE FIFTH AMENDMENT**

97.     Plaintiff incorporates paragraphs 1-112 as if set forth herein.

98.     The Supreme Court has long held that "the Fifth Amendment. .. was designed to bar Government from forcing people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." See Armstrong v. United States 364 U.S. 40, 49 (1960).

99.     Defendant's executive orders mandated that because Plaintiff and members of the putative Class were a "non-essential" business, Plaintiff and members of the putative Class were ordered to "shut down" and cease all indoor operations as a means to help curb the spread of covid-19. Such a mandate completely and unconstitutionally deprived Plaintiff and members of the putative Class, of economically beneficial use of their business without just compensation.

100.    The Supreme Court has long recognized that a Taking may be effected not only by government's physical occupation of private property but also by regulations that "go too far." See Tahoe-Sierra Presidential Council v. Tahoe Regional Planning Agency 535 U.S. 302 (2002).

101.    Defendant Newsom 's executive shutdown orders and the enforcement thereof has

1    caused both a complete and total regulatory and physical taking of Plaintiff and members of the

2    putative Class's property without just compensation in violation of the Takings Clause of the Fifth

3    Amendment to the U.S. Constitution. As a result, Defendants' blatant violation of the Takings Clause

4    of the 5th Amendment has caused proximate and legal harm to Plaintiff and members of the putative

5    Class.

6         102.    Plaintiffs and members of the putative Class are entitled to just compensation in the

7    form of lost income from the use of their property.

8         103.    Plaintiffs and members of the putative Class have no adequate remedy at law and will

9    suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from

10   implementing and enforcing the executive shutdown orders.

11        104.    Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff and members of the putative

12   Class are entitled to declaratory relief and temporary, preliminary, and permanent injunctive relief

13   invalidating and restraining enforcement of the orders, as well as compensatory damages.

14                                    **PRAYER FOR RELIEF**

15        **WHEREFORE**, Plaintiffs, on behalf of themselves and the Class, respectfully asks the Court

16   to grant Plaintiffs the following relief:

17        A.    Designation of this action as a class action;

18        B.    Designation of Plaintiffs as representative Plaintiffs of all the Fresno City and County

19   restaurants and bars that have been unconstitutionally shut down since March, 2020, due to

20   Defendants' executive shutdown orders;

21        C.    A declaratory judgment that the Executive shutdown Orders violate Plaintiffs' and

22   Members of the Putative Class's constitutional rights as set forth in this Complaint;

23        D.    The executive orders as applied to Plaintiffs are void for vagueness and not narrowly

24   tailored; and/or

25        E.    Enjoin Defendants from enforcing the Executive shutdown Orders and from issuing

26   any future orders or rules similar to the invalid ones described in this action; and

27        F.    Grant a preliminary injunction enjoining the enforcement and further enforcement of

28   the executive orders; and

G.      Just compensation in the amount of Two Hundred Million Dollars ($200,000,000.00); and

H.      Award Plaintiffs their reasonable attorneys' fees, costs, and expenses under applicable state and federal law; and

I.      Any other such further relief to which Plaintiffs and members of the putative Class may be entitled as a matter of law or equity, or which the Court determines to be just and proper.

Date:   September 18, 2020                  **MILLER & AYALA, LLP**

NATHAN S. MILLER
Attorneys for Plaintiffs